**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JESUS SOTO-OZUNA, | ) | |
|                   Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-0746-TWP-DML |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255**
**and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Jesus Soto-Ozuna ("Mr. Soto-Ozuna") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

On May 5, 2011, Mr. Soto-Ozuna was charged in Counts One and Ten of the Second Superseding Indictment in No. 1:11-cr-00025-TWP-TAB-2. Count One charged Mr. Soto-Ozuna with conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count Ten charged Mr. Soto-Ozuna with knowingly possessing with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1).

On November 7, 2012, Mr. Soto-Ozuna filed a Petition to Enter a Plea of Guilty and Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (B). On April 1, 2013, the parties entered into an Amended Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C). No. 1:11-cr-00025-TWP-TAB-2, Dkt. 672.

The Amended Plea Agreement provided that Mr. Soto-Ozuna would plead guilty to Count One as charged in the Second Superseding Indictment. The Amended Plea Agreement stated that Count One was punishable by a prison term of not less than 10 years up to life imprisonment. No. 1:11-cr-00025-TWP-TAB-2, Dkt. 672, ¶ 1. The parties stipulated that a base offense level 38 (1,500 grams or more of methamphetamine) (USSG § 2D1.1) applied, and that the conspiracy involved one or more firearms, resulting in a two level increase (USSG § 2D1.1(b)). *Id.* at ¶ 12. Mr. Soto-Ozuna demonstrated an acceptance of personal responsibility and he was entitled to a two level reduction, pursuant to USSG § 3E1.1(a) and (b). *Id.* The parties agreed to jointly recommend a sentence at the low end of the advisory Guideline range. *Id.* The government agreed to move to dismiss Count Ten of the Second Superseding Indictment as to Mr. Soto-Ozuna. If the Court determined that a sentence should be other than what was set out in the Amended Plea Agreement, Mr. Soto-Ozuna would have the right to withdraw his plea. *Id.* at ¶ 4.

In exchange for the concessions made by the government, Mr. Soto-Ozuna "expressly waive[d] his right to appeal the conviction and any sentence imposed on any ground, . . . [and] also expressly agree[d] not to contest his conviction or sentence or seek to modify his sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255." *Id.* ¶11.

On April 18, 2013, a combined plea and sentencing hearing was held. A Spanish interpreter was provided for Mr. Soto-Ozuna. The Court found a factual basis for the plea and that the plea was voluntarily and knowingly made. The Court accepted Mr. Soto-Ozuna's plea and adjudged him guilty of Count One of the Second Superseding Indictment. The Court sentenced Mr. Soto-Ozuna to 235 months imprisonment and five years of supervised release. No. 1:11-cr-0025-TWP-TAB-2, Dkt. 684. The judgment of conviction was entered on April 24, 2013. *Id.*

On April 26, 2013, Mr. Soto-Ozuna filed a notice of appeal even though he had waived his right to appeal as part of his plea agreement. Appellate counsel filed an *Anders* brief and a motion to withdraw on the grounds that all potential appellate claims were frivolous. The Seventh Circuit held that Mr. Soto-Ozuna's appeal waiver was enforceable and made his appeal frivolous. *United States v. Soto-Ozuna,* No. 13-1905, 542 Fed. Appx. 525 (7th Cir. Nov. 15, 2013). The court also stated that even without the appeal waiver, the appeal would be frivolous because Mr. Soto-Ozuna "bargained for a specific sentence under Rule 11(c)(1)(C) and cannot appeal that sentence unless it exceeds what he bargained for or was imposed in violation of law." *Id.* The sentence of 235 months' imprisonment is below the statutory maximum, and is the term he agreed to accept. *Id.* The appeal was dismissed. *Id.*

On May 12, 2014, Mr. Soto-Ozuna filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Mr. Soto-Ozuna asserts that trial counsel was ineffective. He alleges that counsel failed to: 1) properly advise him as to the proper Guideline during plea negotiations and at sentencing; 2) advise him of the likelihood of deportation following his guilty plea; and 3) object to the two level firearm enhancement. The United States argues that Mr. Soto-Ozuna's § 2255 motion is barred by the waiver of post-conviction relief rights found in the written plea agreement.

As noted, the plea agreement provided that in exchange for the concessions made by the United States, Mr. Soto-Ozuna "expressly agree[d] not to contest his conviction or sentence or

seek to modify his sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255." No. 1:11-cr-0025-TWP-TAB-2, Dkt. 672, ¶11.

The Seventh Circuit has recognized the validity of plea waivers like the one in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) "the plea agreement was involuntary," 2) "the district court relied on a constitutionally impermissible factor (such as race)," 3) "the sentence exceeded the statutory maximum," or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *see also United States v. Smith,* 759 F.3d 702, (7th Cir. 2014) (rejecting a "patent" ineffectiveness of counsel exception to plea waivers); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver"). "When the defendant pursuant to the plea agreement has knowingly and voluntarily waived his appellate rights, and the terms of that wavier are express and unambiguous, we will enforce those terms." *Smith,* 759 F.3d at 706.

In *Mason,* 211 F.3d at 1069, the court suggested the following analysis in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly

or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Id.*

The right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Mr. Soto-Ozuna to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, our review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (internal quotation omitted).

To establish prejudice, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Id.* (internal quotation omitted). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Id.*

The Seventh Circuit has already determined that the plea waiver in this case is enforceable. *Soto-Ozuna*, 542 Fed.Appx. at 526. Nonetheless, the Court has considered Mr. Soto-Ozuna's claims in this action. Mr. Soto-Ozuna argues in general that he did not enter his plea agreement knowingly and voluntarily. In support of that contention, he asserts that counsel made three errors during the plea negotiations. He first alleges that counsel should have determined that the proper Guideline was 32 instead of 38. As part of the Amended Plea Agreement, the parties agreed that a sentence within the advisory guideline range of 38 would be imposed because there were 1,500

grams or more of methamphetamine attributed to Mr. Soto-Ozuna. According to the applicable Sentencing Guidelines in effect in 2012, 38 was the correct Guideline.  *See* U.S.S.G.§ 2D1.1.

Mr. Soto-Ozuna also argues that there was insufficient evidence to prove that the firearms found with the methamphetamine were in his possession or control. To the contrary, the Stipulated Factual Basis to which the parties agreed contained a sufficient basis for attributing the firearms to Mr. Soto-Ozuna. No. 1:11-cr-0025-TWP-TAB-2, Dkt. 582.

Mr. Soto-Ozuna's third claim is that counsel failed to advise him that upon the completion of his sentence, he would be subject to deportation. This claim is meritless, as reflected by the record. Paragraph 14 of the Amended Plea Agreement states that "Defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status." No. 1:11-cr-0025-TWP-TAB-2, Dkt. 672, ¶ 14. "Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty." *Id.* In addition, during the plea and sentencing hearing, the Court asked Mr. Soto-Ozuna, through a certified Spanish interpreter, "Do you understand, sir, that this conviction will likely affect your immigration status, and if you are not a United States citizen, if you're an illegal alien, you will likely be deported. Understand?" No. 1:11-cr-0025-TWP-TAB-2, Dkt. 702, p. 8. Mr. Soto-Ozuna responded, "Yes." The record could not be more plain that Mr. Soto-Ozuna was informed of the possibility of his deportation. He has shown no ineffective assistance of counsel in this regard.

As part of the plea agreement, Mr. Soto-Ozuna received a sentence at the lowest end of the sentence range. In addition, the government agreed to dismiss the second charge against Mr. Soto-Ozuna. Counsel negotiated a favorable plea agreement on behalf of Mr. Soto-Ozuna. Mr. Soto-Ozuna has not shown any deficiencies in counsel's performance, nor has he shown that he did not enter into the plea agreement knowingly and voluntarily.

"We have repeatedly held that a voluntary and knowing waiver of an appeal [and § 2255 challenge] is valid and must be enforced." *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011) (internal quotation omitted). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) (internal quotation omitted). Mr. Soto-Ozuna has not met that burden.

Accordingly, the waiver provision is valid and will be enforced. Mr. Soto-Ozuna's § 2255 motion is barred by the waiver provision of his plea agreement.

*Denial of Hearing*

An evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here. A hearing is not warranted under these circumstances.

*Conclusion*

The foregoing circumstances show that Mr. Soto-Ozuna is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:11-cr-00025-TWP-DML-2.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Soto-Ozuna has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of

the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

      **IT IS SO ORDERED.**

Date: 10/19/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jesus Soto-Ozuna
No. 09944-028
FCI Fort Dix
Inmate Mail/Parcels
P. O. Box 2000
Fort Dix, NJ  08640

Electronically registered counsel

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**